# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:16-CR-00173-02 |
| v. | (Chief Judge Brann) |
| JASON WILLIAM THORN, | |
| Defendant. | |

## MEMORANDUM OPINION

### MAY 31, 2023

## I.  BACKGROUND

In 2016, Jason William Thorn was indicted for conspiracy to steal firearms from federal firearms licensees, in violation of 18 U.S.C. § 371, theft of firearms from a federal firearms licensee, in violation of 18 U.S.C. § 922(u), possession of a stolen firearm, in violation of 18 U.S.C. § 922(j), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[1] Thorn thereafter pled guilty, pursuant to a written plea agreement, to conspiracy to steal firearms from federal firearms licensees, and theft of firearms from a federal firearms licensee.[2]

At sentencing, this Court calculated an advisory sentencing range of 110 to 137 months' imprisonment.[3] After considering the relevant sentencing factors set for at 18 U.S.C. § 3553(a), the Court imposed a sentence of 110 months' imprisonment.[4]

---

[1]   Doc. 5.
[2]   Docs. 65, 77.
[3]   Doc. 187 at 4-5.
[4]   *Id.* at 18-22.

This Court made clear that the sentence was "not a departure. It reflects a reduction pursuant to United States Sentencing Guideline, Section 5G1.3(b) for the 47 months that the defendant has served in the Chautauqua County, New York case, which is noted there as case number 16-431."[5] The written judgment likewise emphasized this fact.[6]

Judgment was imposed on June 12, 2020, and Thorn did not file an appeal from that judgment.[7] Thorn thereafter filed two motions to alter or amend the judgment, asserting that the written judgment did not accurately reflect the oral judgment pronounced at sentencing; both motions were denied.[8] Thorn also filed a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c), arguing that a reduction in sentence was appropriate to compensate for time that he had served in the Chautauqua County case.[9] This Court denied the motion after concluding that the claim was not cognizable in a motion for compassionate release and, in any event, the "Federal Bureau of Prisons has faithfully implemented th[e] sentence [imposed], and Thorn's motion [wa]s therefore without merit."[10] On August 1, 2022, the Court entered an amended judgment to impose restitution in this matter; no other alterations were made to the original judgment.[11]

---

[5]   *Id.* at 22.
[6]   Doc. 179 at 3.
[7]   Doc. 179.
[8]   Doc. 213, 224, 230, 233.
[9]   Doc. 232.
[10]  Doc. 239 at 4.
[11]  Doc. 241.

On September 15, 2022, Thorn filed a 28 U.S.C. § 2255 motion challenging his sentence.[12] Thorn argues that he received ineffective assistance of counsel, as counsel purportedly failed to ensure that Thorn's sentence was properly reduced for time served in the Chautauqua County case and failed to conduct a post-sentencing consultation with Thorn.[13] Thorn also argues that this Court erred in failing to reduce his sentence for time served in the Chautauqua County case.[14]

The Government has responded to Thorn's § 2255 motion and asserts that the motion is time-barred, as it was filed beyond the one-year limitations period.[15] The Government further argues that, even if the motion were timely, it is without merit, as the Court did not err in imposing sentence and Thorn did not receive ineffective assistance of counsel.[16]

Thorn has not filed a reply brief, and the time to do so has now expired, rendering this matter ripe for disposition. For the reasons discussed below, the Court will deny Thorn's motion.

---

[12] Doc. 243.
[13] *Id.* at 13-14.
[14] *Id.* at 14-15.
[15] Doc. 259 at 8.
[16] *Id.* at 8-12.

## II.    DISCUSSION

### A.    Timeliness of Motion

As a general matter, 28 U.S.C. § 2255 motions must be filed within one year of the date upon which a defendant's conviction becomes final.[17] "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."[18] In federal criminal matters, a defendant has fourteen days to file an appeal after the judgment is entered.[19]

This Court issued the original judgment in this matter on June 12, 2020.[20] Thorn did not file a direct appeal, meaning that his conviction became final fourteen days later, on June 26, 2020. Consequently, Thorn's § 2255 motion was due on or before June 26, 2021. Thorn did not file his motion until September 15, 2022, and it is therefore clear from the record that Thorn's motion is facially untimely.

Nevertheless, there are two wrinkles in the procedural posture of this matter that may impact the timeliness of Thorn's motion. First, Thorn notes that he did not become aware of the basis of his motion—that the time he served in the Chautauqua County case was not credited against his 110-month federal sentence—until October 3, 2021, after he arrived at his placed of incarceration.[21] Liberally construing Thorn's

---

[17]   28 U.S.C. § 2255(f)(1).
[18]   *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).
[19]   Fed. R. App. P. 4(b)(1)(A).
[20]   Doc. 179.
[21]   Doc. 243 at 10.

§ 2255 motion, as is this Court's obligation, he is arguably seeking equitable tolling.[22]

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[23] "As with most issues involving a court's exercise of equitable powers, there are no bright lines in determining whether equitable tolling is warranted in a given case."[24] "Thus, [courts] must 'exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'"[25] "[E]quitable tolling is appropriate when principles of equity would make the rigid application of a limitation period unfair, but . . . a court should be sparing in its use of the doctrine."[26]

As to whether a movant has been diligently pursuing his rights, "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence."[27] "A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must

---

[22] *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (noting that "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established" (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)).
[23] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).
[24] *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (brackets and internal quotation marks omitted).
[25] *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 650 (2010)).
[26] *Id.*
[27] *Id.*

be considered in light of the particular circumstances of the case."[28] The Court concludes that Thorn has not diligently pursued his rights here. Thorn was placed into exclusive federal custody on July 1, 2021,[29] and asserts that he did not discover his sentence computation until October 3, 2021, over three months later.[30] There is no explanation from Thorn as to why he did not seek to view his time computation sheet at an earlier date.

Moreover, even assuming that Thorn did his best to discover his sentence computation as early as possible, there is no explanation as to why Thorn then waited more than eleven months to file his § 2255 motion. This is particularly difficult to understand when Thorn, based on the very same issues raised in this § 2255 motion, filed other motions during the intervening months seeking to alter or amend the judgment.[31] That eleven-month delay does not demonstrate reasonable diligence under the circumstances.[32] Accordingly, equitable tolling does not apply here.

---

[28] *Id.*
[29] Doc. 259 at 8.
[30] Doc. 243 at 10.
[31] Doc. 213, 230, 232.
[32] *Cf. LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (noting that, although the Third Circuit was "not attributing fault because LaCava waited nine months to file his PCRA petition . . . we believe that this is a factor to be taken into consideration when determining whether it was reasonable for him to wait twenty-one months before making an inquiry to the state court or to counsel"); *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (stating "not only did petitioner sit on his rights for years *before* he filed his PCRA petition, but he also sat on them for five more months *after* his PCRA proceedings became final before deciding to seek relief in federal court. . . . Under long-established principles, petitioner's lack of diligence precludes equity's operation").

Second, there is an additional issue that must be evaluated. Although the original criminal judgment was entered in 2020, this Court entered an amended judgment on August 1, 2022 to set a final restitution amount, in accordance with 18 U.S.C. § 3664.[33] Consequently, the Court must evaluate whether the entry of this amended judgment reset the time for Thorn to file a § 2255 motion. The Court concludes that it does not.

Although the United States Court of Appeals for the Third Circuit has yet to address these precise circumstances, the Court finds persuasive the reasoning of the United States Court of Appeals for the Ninth Circuit, which has held that an amended restitution order does not reset the limitations period to file a § 2255 motion. In *United States v. Gilbert*, the Ninth Circuit considered whether an amended judgment setting the total amount of restitution reset the limitations period.[34] That court noted that, while the "Supreme Court has not directly addressed whether a judgment that imposes a period of incarceration and an unspecified amount of restitution is a 'final' judgment for appellate purposes," the Supreme Court had indicated that there were strong arguments in favor of concluding that such a judgment is final, and had previously held that a judgment imposing a sentence is a final judgment.[35] The Ninth Circuit therefore determined "that a judgment that includes a sentence but leaves the

---

[33] Doc. 241.
[34] *United States v. Gilbert*, 807 F.3d 1197, 1198-99 (9th Cir. 2015).
[35] *Id.* at 1199 (citing *Dolan v. United States,* 560 U.S. 605, 617-18 (2010); *Corey v. United States,* 375 U.S. 169, 174 (1963); *Berman v. United States,* 302 U.S. 211, 212 (1937)).

7

amount of restitution open is sufficiently final for appellate purposes."[36] Moreover, "[i]t follows that once the time for filing a direct appeal of this type of judgment expires, the one-year limitation period under § 2255(f) is triggered."[37]

The Ninth Circuit then turned to the question of, notwithstanding this conclusion, "whether the one-year limitations period restarts for § 2255 motions once a final order of restitution is entered."[38] That court held that where "there was never a direct appeal, and no part of [the] sentence was vacated" and "[t]he judgment was merely amended to include the specific restitution amount," the limitations period does not restart.[39] In reaching that determination, the Ninth Circuit noted that it had "squarely held that restitution cannot be challenged through a § 2255 motion."[40] Although the defendant sought to challenge his incarceration rather than the restitution order, the court reasoned that:

> restarting the clock for § 2255 motions from the amended order of restitution would still be inconsistent with our precedents . . . Because Gilbert is not permitted to challenge his restitution with a § 2255 motion, it would make no sense to let him restart the statute of limitations under § 2255 from an amended judgment that addressed only the specific amount of restitution. We hold that when a judgment imposes a sentence but leaves the amount of restitution to be determined, the one-year statute of limitations to file a § 2255 motion does not restart when the specific amount of restitution is later entered.

---

36   *Id.*
37   *Id.* at 1200.
38   *Id.*
39   *Id.* at 1201.
40   *Id.*

As in the Ninth Circuit, the Third Circuit does not permit defendants to challenge a restitution order through a § 2255 motion.[41] And, as in *Gilbert*, here Thorn filed no direct appeal, the original judgment was not vacated, and the amended judgment merely entered the specific amount of restitution that Thorn owes, without altering any other portion of the judgment.[42] The same result that the Ninth Circuit reached in *Gilbert* holds here: it would make little sense for the amended judgment to restart the limitations period, and Thorn's § 2255 motion was therefore due on or before June 26, 2021.

Further, even beyond the reasoning employed by the Ninth Circuit in *Gilbert*, the Court finds persuasive a line of cases that address analogous circumstances. Those cases have addressed circumstances where an amended judgment is entered pursuant to Federal Rule of Criminal Procedure 35(b), which provides that a court may reduce a sentence to account for substantial assistance provided by defendants after sentencing.[43] Courts that have assessed whether such an amended judgment resets the limitations period to file a § 2255 motion have universally agreed that it does not for two broad reasons.

---

[41] *United States v. Ross*, 801 F.3d 374, 380-81 (3d Cir. 2015).
[42] *Compare* Doc. 179 *with* Doc. 241.
[43] *See United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015); *Murphy v. United States*, 634 F.3d 1303, 1306-09 (11th Cir. 2011); *Byers v. United States*, 561 F.3d 832, 835 (8th Cir. 2009); *United States v. Chapman*, 220 F. App'x 827, 830 (10th Cir. 2007); *Reichert v. United States*, 101 F. App'x 13, 14 (6th Cir. 2004); *United States v. Schwartz*, 274 F.3d 1220, 1223-25 (9th Cir. 2001); *United States v. Sanders*, 247 F.3d 139, 142-44 & n. 2 (4th Cir. 2001).

First, 18 U.S.C. § 3582(b) "states that although a district court may 'modify' a 'sentence to imprisonment' under Rule 35(b), a 'judgment of conviction that includes such a sentence *constitutes a final judgment for all other purposes*'" and "[t]he plain and obvious meaning of this language is that a Rule 35(b) reduction has no effect on the finality of the judgment of conviction."[44] Second, "concluding that a Rule 35(b) modification does not reset the § 2255(f) limitations clock is consonant with Congress's overriding purpose in enacting AEDPA. Congress designed AEDPA to achieve finality in criminal cases, both federal and state."[45] In light of that purpose, courts must "give strict interpretation to the one-year statute of limitations to avoid creating a loophole which is contrary to the legislative intent of insuring a greater degree of finality."[46]

Both concerns are present when a judgment is amended to modify a restitution order. First, similar to § 3582(b), 18 U.S.C. § 3664(o) provides that a sentence imposing "an order of restitution is a final judgment notwithstanding the fact that . . . such a sentence can subsequently be . . . amended under subsection (d)(5); or adjusted under section 3664(k), 3572, or 3613A."[47] The obvious meaning of this language is that the original judgment constitutes a final judgment, notwithstanding any later amendment or adjustment to an order of restitution, and a subsequent

---

[44] *Murphy*, 634 F.3d at 1308.
[45] *Id.* at 1309 (internal quotation marks omitted).
[46] *Id.* (brackets and internal quotation marks omitted).
[47] 18 U.S.C. § 3664(o)(1).

amended judgment making such a modification does not reset the limitations period to file a § 2255 motion.

Second, Congressional concerns with finality in criminal cases remains present, and the Court is hesitant to "create[e] a loophole" that "would allow the defendant to bring stale claims under § 2255" at any time when a modification to restitution is necessary, "no matter how far into the future" this occurs.[48] This concern is even greater in restitution matters than in Rule 35 matters, as a restitution order may be—and often is—modified long after the original judgment is entered, since such modifications are often necessitated by "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution."[49]

Given these concerns, the Court simply cannot conclude that the amended judgment restarted the limitations period for Thorn to file a § 2255 motion. Accordingly, Thorn's § 2255 motion is time-barred, and will be denied as such.

### B.    Certificate of Appealability

Because this Court will deny Thorn's § 2255 motion, this decision will not be appealable unless this Court or a circuit justice issues a certificate of appealability.[50] A certificate of appealability will not issue absent "a substantial showing of the

---

[48] *Murphy*, 634 F.3d at 1309.
[49] 18 U.S.C. § 3664(k).
[50] 28 U.S.C. § 2253(c)(1)(B).

denial of a constitutional right."[51] To satisfy this standard Thorn must demonstrate that reasonable jurists would find that the Court's procedural ruling is debatable or wrong.[52] This Court finds that Thorn has not met this burden, and therefore declines to issue a certificate of appealability.

## III. CONCLUSION

For the foregoing reasons, Thorn's 28 U.S.C. § 2255 motion will be denied as time barred. The Court will also deny a certificate of appealability.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[51] *Id.* § 2253(c)(2).
[52] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).